ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAY 25 PM 4: 01

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WESLEY EUGENE DOLLAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-018 |
| | ) | |
| RALPH M. KEMP, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate who was incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Plaintiff's motions for a preliminary injunction and for a temporary restraining order.[2] (Doc. nos. 6, 7-1, 7-2.) For the reasons set forth below,

---

[1] Plaintiff was recently transferred to Macon State Prison ("MSP") located in Oglethorpe, Georgia. (Doc. no. 12.)

[2] While Plaintiff has submitted two filings in which he requests a preliminary injunction, both filings request the same relief: preliminary injunctive relief regarding his access to medical care at WCF. (See doc. nos. 6, 7-1.) Accordingly, the Court will consider the content of both filings in ruling on Plaintiff's motions. Furthermore, the Court notes that Plaintiff requests both a temporary restraining order and a preliminary injunction. (Id.) A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those

the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions be **DENIED AS MOOT**.

I.  **BACKGROUND**

In his complaint, Plaintiff alleges that he suffers from a variety of serious medical conditions, including a lumbar spine injury, chronic pain, neuropathy, and sciatic nerve damage. (Doc. no. 1, p. 5.) Plaintiff alleges that following his arrival at WCF in October of 2010, Defendants – all of whom are prison officials at WCF – provided inadequate medical care by prescribing medications that make him nauseous and that do not alleviate his pain. (Id. at 5.) Plaintiff further alleges that Defendants failed to follow the course of treatment that was prescribed by physicians who treated him in the past, despite the fact that he provided the medical staff at WCF with his medical records showing his previously-prescribed treatments. (Id.) In a later filing, Plaintiff indicates that he was recently transferred to MSP "for chronic care medical reasons." (Doc. no. 12.)

As noted above, Plaintiff has been granted permission to proceed IFP in this action. Upon receipt of Plaintiff's IFP documentation, the Court directed Plaintiff to pay an initial filing fee in the amount of $11.47. (Doc. no. 11.) As Plaintiff has not paid this initial fee, the Court has not yet screened his complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. See 28 U.S.C. §§ 1915(e) & 1915A. Nevertheless, the Court finds it appropriate to rule on Plaintiff's motions for preliminary injunctive relief without further delay.

---

for a preliminary injunction." (citation omitted)).

## II. DISCUSSION

### A. Plaintiff's Motions for Preliminary Injunctive Relief Are Moot

An inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, the only prison officials against whom Plaintiff seeks injunctive relief are Defendants, all of whom are officials at WCF. Moreover, Plaintiff reports that he has been transferred to a different facility, MSP, meaning that he is no longer under Defendants' control. Furthermore, there is no indication that he will return to WCF. Therefore, Plaintiff's motions for preliminary injunctive relief are moot and should be denied as such.

### B. Plaintiff's Motions for Preliminary Injunctive Relief Would Be Subject to Denial Even If They Were Not Moot

Furthermore, Plaintiff would not be entitled to a preliminary injunction or even if his motions were justiciable. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d

3

1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. The majority of Plaintiff's motions consists of conclusory assertions that Defendants have been "negligent," have shown "reckless disregard," and have violated his right to medical care. (See generally doc. nos. 6, 7.) Moreover, the few factual allegations from his complaint and the instant motion indicate that he was provided with medical care at WCF, but that he feels such care was inadequate because it did not include treatments previously prescribed by other physicians. (See, e.g., doc. no. 1, p. 5 (alleging that Plaintiff's medication does not adequately alleviate the pain from his spine injury); doc. no. 6, p. 2 (alleging that Plaintiff's treatment at WCF did not include the "epidural steroids injections" that he was previously prescribed).) Notably, however, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability). Also, the fact that a prisoner "may have desired [a] different mode[] of treatment" does not give rise to a claim for deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). While the Court is not now addressing the issues of whether Plaintiff has stated a claim in his complaint or whether he will *ultimately* succeed on the merits of any potentially viable claims, the Court finds that, based on Plaintiff's allegations of fact and the applicable case law, Plaintiff has not at this

4

juncture established that he is likely to succeed on the merits.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury.").

With regard to this requirement, Plaintiff merely asserts, without elaboration, that he needs a preliminary injunction "to prevent irreparable harm and injury as a result of Defendants' ongoing violations of [his] constitutional rights." (Doc. no. 7, p. 1.) While Plaintiff alleges in his complaint that he suffers from serious medical conditions, his complaint also shows that he received medical treatment – albeit not treatment that was to his liking. (See doc. no. 1, p. 5.) In light of these facts, along with the fact that Plaintiff has been transferred to a different prison where the named Defendants no longer control his medical care, the Court finds that Plaintiff has failed to establish that there is a substantial threat that he will suffer irreparable injury if the requested injunction is not granted.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has not addressed whether the threatened harm outweighs the damage the proposed injunction may cause Defendants or whether the injunction would be adverse to the public interest. Thus,

5

Plaintiff has not carried his burden of persuasion as to these elements, especially in light of the fact that federal courts should refrain from needless interference in the day-to-day administration of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973).

In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction. Accordingly, even if his motions were not moot, they would be subject to denial.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for a preliminary injunction and a temporary restraining order be **DENIED AS MOOT**. (Doc. nos. 6, 7-1, 7-2.)

SO REPORTED and RECOMMENDED this 25th day of May, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE