ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WESLEY EUGENE DOLLAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-018 |
| | ) | |
| RALPH M. KEMP, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP").[2] As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner,

---

[1] Although he is currently incarcerated at Johnson State Prison, Plaintiff's complaint concerns events that allegedly occurred at his prior place of incarceration, Wheeler Correctional Facility ("WCF"). (See doc. no. 1, p. 3.)

[2] The Court is aware that Plaintiff has three cases or appeals that were dismissed as frivolous such that he is now subject to the "three-strikes" provision of 28 U.S.C. § 1915(g); indeed, the Court has recommended the dismissal of a subsequent case filed by Plaintiff on that basis. See Dollar v. Preston, CV 311-075, doc. no. 12 (S.D. Ga. Oct. 28, 2011) (hereinafter "CV 311-075"). However, dismissal under § 1915(g) is inappropriate here because certain of the appeals identified in that case were dismissed after the commencement of the instant case.

404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.[3]

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

---

[3]Given that Plaintiff has filed an interlocutory appeal regarding the denial of his request for a preliminary injunction, the Court must address whether it retains jurisdiction over Plaintiff's complaint. It does. See, e.g., State of Alabama v. Envtl. Prot. Agency, 871 F.2d 1548, 1553-54 (11th Cir. 1989) (holding district court retained jurisdiction to grant summary judgment and to dismiss suit despite pending interlocutory appeal of district court's issuance of preliminary injunction) (citing United States v. White, 846 F.2d 678, 693 n.23 (11th Cir. 1988) (explaining that pending interlocutory appeal did not divest district court of jurisdiction over motion to dismiss indictment)); Hamer v. Campbell 358 F.2d 215, 223 (5th Cir. 1966) (holding that denial of preliminary injunction and filing of interlocutory appeal did not divest district court of jurisdiction over supplemental complaint) (quoting United States v. Lynd, 321 F.3d 26, 28 (5th Cir. 1963) ("[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits.")).

[4]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[5] (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he has never before brought any lawsuit in federal court.[6] (Id. at 1-3, 7.) He also stated that has never had a case dismissed as frivolous or malicious or for failure to state a claim in which he was permitted to proceed IFP. (Id. at 3.)

However, the Court is aware of several § 1983 cases that Plaintiff brought in federal court prior to commencing this action. See, e.g., Dollar v. Coweta County Sheriff's Office, CV 310-070 (N.D. Ga. Feb. 28, 2011) (hereinafter "CV 310-079); Dollar v. Newnan

---

[5]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

[6]Plaintiff indicated that he previously brought one case dealing with the same facts as the instant case in the Superior Court of Wheeler County, Georgia. (Doc. no. 1, pp. 1-2.)

3

Times-Herald, CV 310-083 (N.D. Ga. Jan. 3, 2011) (hereinafter "CV 310-083"); Dollar v. Carter, CV 510-208 (M.D. Ga. July 27, 2010) (filed Apr. 23, 2010); Dollar v. Brown, CV 398-129 (N.D. Ga. Nov. 5, 1998); Dollar v. Floyd County C.I., CV 493-242 (N.D. Ga. Oct. 4, 1994). Notably, Plaintiff was granted permission to proceed IFP in the majority of these cases, and at least two of the cases were dismissed as frivolous. See CV 310-070, doc. no. 18; CV 310-083, doc. no. 8. Thus, Plaintiff clearly provided false information about his prior filing history in his complaint.[7]

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[8,9]

---

[7] The Court notes that this is the third case in which Plaintiff has provided false information under penalty of perjury regarding his filing history in a civil rights complaint. See CV 311-075, doc. no. 12; Dollar v. Fairview Hospital, CV 311-051, doc. nos. 4, 7 (S.D. Ga. Oct. 8, 2011). This Report and Recommendation shall serve as notice that the Court will carefully scrutinize future filings and will consider harsher sanctions if Plaintiff persists in providing the Court with false information.

[8] The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before

4

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right.").

SO REPORTED and RECOMMENDED this 4th day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[9]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District. See Hood v. Tompkins, Civil Case No. 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006); see also Harris v. Donaldson, Civil Case No. 605-061 (S.D. Ga. Jan. 23, 2006) (dismissing complaint without prejudice as sanction for plaintiff's abuse of judicial process).