# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 DEC 13  P 3 42

CLERK _____
S.J. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WESLEY EUGENE DOLLAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-018 |
| | ) | |
| RALPH M. KEMP, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury. As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Doc. no. 24.) In lieu of objections, Plaintiff filed a motion to dismiss, seeking dismissal of the above-captioned case without prejudice so that he may "seek an attorney to refile and make all the necessary investigations, and to fully exhaust all administrative remedies." (Doc. no. 26.)

When Plaintiff first filed his lawsuit he was cautioned that the Prison Litigation Reform Act provides:

> that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

(Doc. no. 8, pp. 2-3). Because of these requirements, Plaintiff was given an opportunity at that time to voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(1) and not be subjected to a "strike" under 28 U.S.C. § 1915(g). (Id. at 3.)

Plaintiff chose to proceed with his case. On November 4, 2011, the Magistrate Judge reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute and, as previously noted, recommended dismissal for abuse of the judicial process, a type of dismissal which counts as a § 1915(g) strike. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Plaintiff cannot now avoid a strike by voluntarily dismissing his case. As a result, Plaintiff's motion to voluntarily dismiss his case is **DENIED**. (Doc. no. 26.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.

SO ORDERED this *13* day of December, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE